# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00084-CR

**Michael Paul Boyd, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 57950, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Paul Boyd appeals his conviction for the offense of murder for intentionally causing the death of Kenneth Lee Haney by shooting him with a firearm. *See* Tex. Penal Code Ann. § 19.02 (West 2003). In a single issue, appellant contends that he received ineffective assistance of counsel because his counsel had a conflict of interest by his representation of one of the State's witnesses. Because appellant cannot show that his counsel was operating under an actual conflict of interest or that counsel's performance was adversely affected, we affirm the judgment of conviction.

## FACTUAL BACKGROUND

The testimony at trial was that Haney was shot three times with a firearm on May 22, 2005, at approximately 9:30 p.m. At the time of his death, Haney was in the manager's office of the

Village West apartment complex in Killeen where he worked. The police arrived at the scene of the crime shortly after it happened.

An acquaintance of appellant's testified that appellant had been staying at her apartment in the complex for a few weeks. She was out the evening in question and when she returned to the complex, there was "yellow ribbon outside the apartment, surrounding the apartment complex." After she learned that Haney had been shot, she returned to her apartment, and appellant was "cooking chicken" in the kitchen. Appellant told her "he shot [Haney] three times." She then "ran out" and went to one of the police officers and told him that "[he] might want to check" her apartment. At some point later that same evening, after knocking on the door of her apartment with no response, the police knocked the door down, found appellant in the apartment, and arrested him. A few days later, the acquaintance discovered the murder weapon under the refrigerator in her kitchen and contacted the police who retrieved it.

In addition to the testimony from the acquaintance, experts, and various law enforcement personnel, two witnesses testified that they saw a man "running" from the office after hearing gun shots on the night in question. Both witnesses were able to identify appellant as the man that they saw. One of the witnesses testified that she had seen appellant a couple of days before the murder near the office and that she had a brief conversation with him; appellant told her that "[Haney's] like a meth dealer or something like that. He has lots of money . . . I'm going to hit a lick on him." The other eyewitness, Robert Padon, had also seen the appellant in the area "once or twice" before the night in question.

2

After a three-day trial, a jury convicted appellant of murder and the trial court sentenced him to life imprisonment after a sentencing hearing.[1] This appeal followed.

**DISCUSSION**

Appellant contends that defense counsel had an actual conflict of interest that amounted to ineffective assistance of counsel because defense counsel represented one of the State's witnesses and the conflict adversely affected his counsel's performance. We conclude that the record does not support appellant's contention.

A criminal defendant has a constitutional right to effective assistance of counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 348-50 (1980); *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). Ineffective assistance of counsel may result when an attorney has an actual conflict of interest in representing a defendant. *Cuyler,* 446 U.S. at 348-50; *Ex Parte McFarland*, 163 S.W.3d 743, 759 n.52 (Tex. Crim. App. 2005). "To prove ineffective assistance of counsel based on an actual conflict of interest, the defendant must show (1) defense counsel was burdened by a conflict of interest; and (2) the conflict had an adverse effect on specific instances of counsel's performance." *McFarland,* 163 S.W.3d at 759 n.52. An actual conflict of interest exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests to the client's detriment. *Id.* The showing of a potential conflict of interest does not constitute an actual conflict of interest. *Id.*

---

[1] Appellant was indicted for capital murder, but was convicted of the lesser offense of murder. It was the State's theory that appellant committed the murder in the course of committing or attempting to commit a robbery or burglary.

3

Appellant contends that because his counsel also represented Padon, his counsel had an actual conflict of interest, and that he improperly bolstered Padon's testimony in defense counsel's following questions to Padon:

> Q:    Now, Robert, let's be straight up with this jury.  The State of Texas has offered you absolutely nothing or even suggested anything for your testimony here today, correct?
>
> A:    Nothing.
>
> Q:    But you personally certainly hope that your testimony will be—would do you some good?
>
> A:    I hope that it would but I'm not guaranteeing any.
>
> Q:    It's just a hope and desire on your part?
>
> A:    Yes, it's a hope and desire.
>
> Q:    No one in the government has offered you diddly squat?
>
> A:    No.

We disagree that this exchange improperly bolstered Padon's testimony or that the record shows that defense counsel had an actual conflict.

Padon had already testified in response to questions from the State that he was in Bell County Jail pending the revocation of probation for an unrelated offense, possession of a prohibited weapon on school premises, he was not receiving anything for his testimony, and his legal troubles occurred after he had already assisted the police in identifying appellant:

> Q:    Now, Robert, a lot of people as I'm sure you understand are probably a little bit wondering what you [are] getting out of this for testifying.

4

A:     I'm not getting anything.

Q:     I'm not the prosecutor in your case, correct?

A:     No, sir.

Q:     And you and I have never talked about your case, have we?

A:     No, sir.

Q:     And did I promise you anything in order to get you to testify today?

A:     I was promised nothing from nobody.

Q:     As a matter of fact, you actually didn't get in trouble until after this happened; is that correct?

A:     Yes, sir.

Q:     So all this was before any trouble, you identified [appellant] and picked him out of a photo lineup, identified him to the police that night, live and in person?

A:     Yes, sir.

On cross-examination, Padon testified that he and defense counsel knew each other, but there was no additional testimony on the issue at that point. The cross-examination focused on the lighting and visibility around the apartment complex on the night in question, Padon's distance from the "man" that was "running" from the scene of the crime, the "baggy pants" that the "man" was wearing, and Padon's opportunity to see appellant wearing "shorts and a tank top" after the police arrested him before Padon positively identified appellant to the police as the "man" that was "running" from the scene.

On redirect, the State asked Padon:

> Q:     Robert, you know [defense counsel] because he was your lawyer, right?
>
> A:     Yes, sir.

There was no further testimony concerning the nature of defense counsel's representation of Padon, including whether the representation was ongoing. Appellant asks this Court to make a "reasonable deduction" that his counsel currently was representing Padon in the pending "Motion to Revoke Probation" because counsel was aware that there was no "deal" offered to Padon in exchange for his testimony. Padon, however, had already testified on direct that there was no "deal." Appellant has failed to show that defense counsel had a conflict of interest. At best, appellant has shown a potential conflict of interest which does not support reversal. *See McFarland*, 163 S.W.3d at 759 n.52.

Even if the record demonstrated that defense counsel had a conflict of interest by representing Padon, appellant fails to show that defense counsel's performance was adversely affected. As to the particular line of questioning that appellant complains of on appeal, defense counsel was able to elicit a possible motive for Padon's testimony—that although Padon had not been promised anything by his testimony, that it was his "hope and desire" that it would do him "some good" with his current legal problems.

**CONCLUSION**

Because appellant has not shown that defense counsel had a conflict of interest or that his counsel's performance was adversely affected, we overrule appellant's issue and affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   August 15, 2007

Do Not Publish